IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3121 |
| vs. | MEMORANDUM AND ORDER |
| JUDITH LEYVA-REYNOSO, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 66) filed by the defendant, Judith Leyva-Reynoso. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

# I. BACKGROUND

The defendant was charged, in a three-count indictment, with one count of distributing 50 grams or more of methamphetamine (actual) and two separate counts of distributing 5 grams or more of methamphetamine (actual). Filing 1. She ultimately entered into an agreement to plead guilty to a single count of distributing 5 grams or more of methamphetamine (actual). Filing 37. The presentence report indicated that the defendant was accountable for 188.25 grams of methamphetamine. Filing 54 at 7. But after qualifying for the statutory safety valve, *see* filing 58 at 1, and completing inpatient substance abuse treatment while awaiting sentencing, *see* filing 55 at 2, she was sentenced to 52 months' imprisonment, *see* filing 57. She now claims she received ineffective assistance of counsel. *See* filing 66 at 4-5.

# II. DISCUSSION

As explained below, the defendant's allegations of ineffective assistance of counsel are insufficient. But before reaching those issues, the initial problem the defendant faces is that her motion is untimely.

### 1. STATUTE OF LIMITATIONS

A § 2255 motion must be filed, as relevant, within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). In this case, the judgment was entered on June 30, 2020, and the defendant did not appeal.

*See* filing 57. So the judgment became final on July 15, 2020, when the time for appeal ran. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). Accordingly, the statute of limitations ran on July 15, 2021, before the defendant mailed her § 2255 motion. *See* filing 65 at 5; filing 66 at 12.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134-35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). But equitable tolling will only apply where the petitioner has demonstrated diligence in pursuing the matter. *Id.* at 1095.

Here, the defendant asserts that she was "under the impression" that she couldn't file a § 2255 motion while her previous motion for compassionate release was pending. Filing 65 at 2. She doesn't explain where she got that impression, and that sort of legal misjudgment doesn't warrant equitable relief. *See United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003); *see also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003). She also asserts that additional time was required because of pandemic lockdown. Filing 65 at 2. But she doesn't offer any other explanation of how that limited her ability to prepare or file her motion, nor does she describe her efforts to pursue her motion. The defendant's conclusory allegation does not demonstrate the diligence required for equitable tolling. *See Diaz-Diaz v. United States*, 297 F. App'x 574, 576 (8th Cir. 2008). Accordingly, her § 2255 motion is time-barred.

2. INEFFECTIVE ASSISTANCE OF COUNSEL

But even if timely filed, the defendant's motion lacks merit. To establish a claim of ineffective assistance of counsel, the defendant must show that her attorney's performance was deficient and that this prejudiced her defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant's allegations demonstrate neither deficient performance nor prejudice. She claims that counsel failed to (1) communicate with her and inform her of the likely consequences of pleading guilty, (2) file any substantive pretrial motions, (3) conduct an adequate pretrial investigation, (4) negotiate a favorable plea agreement, (5) review, discuss, and explain the presentence report to the defendant before sentencing, (6) object to the presentence report, and (7) file a notice of appeal. Filing 66 at 4-5. But in the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated only if the defendant can prove that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty and

would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

(a) Failure to Communicate

First, the defendant argues that there was not "any reasonable communication" between herself and counsel because he only met with her "about 8 times" over the course of the case. *See* filing 67 at 14. But that's certainly not unreasonable on its face (particularly given that the defendant was eventually sentenced at one of the peaks of the COVID-19 pandemic).

The narrative the defendant urges on the Court is that counsel simply advised her to plead guilty and "never developed a defense strategy at all." *See* filing 67 at 16. But accepting responsibility *is* a strategy, and there is a strong presumption that counsel has rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect. *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). If the defendant is to overcome that presumption, she must do *something* to show that a different defense strategy would likely have produced a better result. *See Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001); *see also Mann v. Thalacker*, 246 F.3d 1092, 1099 (8th Cir. 2001). She hasn't done so.

She does suggest that "there was no evidence in this case" to convict her. Filing 67 at 16. Except, perhaps, the evidence that she directly sold methamphetamine to confidential informants on multiple occasions. *See* filing 54 at 6. And she admitted, at her change of plea hearing, selling 5 grams or more of methamphetamine. Filing 41 at 15-16. She was also advised of the consequences of pleading guilty. *See* filing 41; *see also* filing 36. A defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity, and pose a

- 5 -

formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997).

In sum, nothing in the record suggests that advising the defendant to plead guilty was unreasonable, or that more communication between counsel and the defendant would have led to a different result.

(b) Failure to File Pretrial Motions and Investigate

Next, the defendant argues that counsel failed to file any pretrial motions on her behalf. But the failure to file a pretrial motion isn't ineffective assistance of counsel *per se*. See *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986). Instead, the Court must look to whether a motion, if made, would have produced a better result. *See United States v. Johnson,* 707 F.2d 317, 320 (8th Cir. 1983); *see also Eastin v. Hobbs,* 688 F.3d 911, 917 (8th Cir. 2012). The defendant hasn't shown that it would.

The only motions identified by the defendant that she says should have been filed were discovery motions. *See* filing 67 at 18. But in this district, discovery requests are presumed. *See* NECrimR 16.1. And that rule was complied with—discovery materials were provided to the defendant. *See* filing 16. The record also shows that contrary to the defendant's implication that counsel was inactive, he obtained a substance abuse evaluation for her, moved to review detention, and then filed several motions to continue, permitting the defendant to complete inpatient substance abuse treatment before sentencing—which benefited the defendant both by providing her with treatment *and* providing the Court with a basis for leniency at sentencing. *See* filing 19; filing 24; filing 43; filing 46; filing 48.

The record also contradicts the defendant's claim that counsel failed to properly investigate her case. In fact, she testified under oath at the change of plea hearing that she believed counsel had investigated the case sufficiently

and was satisfied with her representation. Filing 41 at 8. Nor has she alleged the existence of any evidence, actual or hypothetical, which would have caused counsel to change his recommendation on the government's plea offer or led the defendant to insist on going to trial. *See Witherspoon v. Purkett*, 210 F.3d 901, 903-04 (8th Cir. 2000); *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991). The defendant's complaints about counsel's failure to conduct an "independent" investigation or ask for a private investigator run aground on this simple fact: the defendant admitted that she sold more than 5 grams of methamphetamine to a confidential informant. Filing 41 at 15-16. And she alleges nothing to suggest that any additional investigation would have produced evidence to contradict that.

(c) Failure to Negotiate a More Favorable Plea Agreement

The defendant asserts that counsel provided ineffective assistance in negotiating a plea agreement. *See* filing 67 at 21-24. She argues that counsel "pushed [her] to plead guilty to receive a '5-year' sentence." Filing 67 at 24. But what she ended up with was a 4⅓-year-sentence. Filing 57. So it's not clear from the defendant's motion or brief what she's actually complaining about.

In any event, in the plea negotiation context, in order to establish prejudice, a petitioner must show that the outcome of the plea process would have been different had competent counsel represented her during the plea process. *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). Simply asserting that counsel should have gotten her a *better* deal—with no reason to believe a better deal was or could have been put on the table—doesn't describe ineffective assistance of counsel (particularly when, given the sentence imposed, it's hard to imagine that a more favorable result was feasible).

### (d) Presentence Report

The defendant argues that counsel ineffectively failed to review and discuss the presentence report with her prior to sentencing. *See* filing 67 at 25. Instead, she claims that counsel only discussed the presentence report with her on the day of sentencing,[1] and failed to object to it. *See* filing 67 at 25.

But to start with, she hasn't identified any error in the presentence report—much less any error she could have had corrected had she been consulted sooner. Nor would anything have precluded a motion at sentencing to correct any inaccuracies, which the Court has permitted before. The Court can't say that any failure to discuss the presentence report with the defendant before the day of sentencing was prejudicial when the defendant hasn't actually identified any errors.[2]

Rather, her argument is a legal one: she complains that counsel didn't object to legal error in the drug weight calculation, or move for safety valve relief. *See* filing 67 at 25-30. There are several holes in that argument, starting with the most obvious: the parties agreed to safety valve relief, the presentence report recommended safety valve relief, and the Court provided safety valve

---

[1] That may be true—and the Court assumes for purposes of this motion that it is—given that most of the Court's contracted jail facilities were in varying degrees of pandemic lockdown at the time, and remote conferencing capabilities were only beginning to meet demand. Which is to say that while any deficiency in this regard certainly wasn't prejudicial, it's also hard to question counsel's performance given the limitations we were all operating under at the time.

[2] The defendant also suggests, in passing, that counsel was ineffective in failing to move for a downward variance pursuant to 18 U.S.C. § 3553(a). *See* filing 67 at 30. But the Court always considers the § 3553(a) factors, and varied downward (substantially) from the Guidelines range. *See* filing 58. Even if was deficient performance to not file a separate motion for variance—and the Court's not saying that it was, given that argument at sentencing was sufficient in this instance—the defendant wasn't prejudiced by it.

relief. *See* filing 54 at 7; filing 58 at 1. The defendant's brief is simply mistaken in suggesting otherwise. *See* filing 67 at 29-30.

Nor does the defendant identify what was purportedly wrong with the drug quantity calculation. The defendant's argument makes little sense: she seems to be suggesting that somehow, the Court's acceptance of the presentence report resulted in a higher mandatory minimum sentence, in violation of *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013). But as noted above, the defendant was safety-valve eligible, so she wasn't subject to a mandatory minimum sentence at all. *See* filing 58 at 1. And the only mandatory minimum sentence that was ever in play was the 5-year mandatory minimum for distributing 5 grams or more of methamphetamine—but she pled guilty to that, which is the only factual basis *Alleyne* requires. *See United States v. Leanos*, 827 F.3d 1167, 1169 (8th Cir. 2016).

(e) Failure to Appeal

The closest the defendant comes to successfully alleging ineffective assistance of counsel is when she complains about counsel's failure to file a notice of appeal. Filing 66 at 5. A counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002); *see Garza v. Idaho*, 139 S. Ct. 738, 746 (2019). But if the defendant did not instruct counsel to file an appeal, "whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). And counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous

grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that she was interested in appealing. *Id*. at 480.

> [A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. But here, the Court is faced with a single, cursory assertion: counsel's alleged "failure to . . . File a Notice of Appeal deprived Leyva-Reynoso of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence." Filing 66 at 5.

That single sentence obviously does not allege that the defendant *asked* counsel to file a notice of appeal. Nor does it allege that counsel failed to consult with the defendant about her appeal rights (of which she was advised at sentencing). Nor does it allege any facts suggesting a rational basis to appeal when the defendant pled guilty and received an *extremely* favorable sentence. There is simply nothing in the defendant's motion to suggest that a rational defendant would have desired an appeal or that this particular defendant demonstrated an interest in an appeal. *Id*. at 480.

## III. CONCLUSION

The defendant's allegations either entitle her to no relief, or are contradicted by the record. Accordingly, her § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for leave to file out of time (filing 65) is denied.

2. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 66) is denied.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at her last known address.

Dated this 9th day of November, 2021.

                    BY THE COURT:

                    John M. Gerrard
                    United States District Judge